UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KIM CARSON AND JIM CARSON,   NO. 2:12-CV-00739-MCE-CMK

      Plaintiffs,

  v.   <u>MEMORANDUM AND ORDER</u>

BANK OF AMERICA, N.A. AND
DOES 1-50, INCLUSIVE,

      Defendants.

----oo0oo----

Before the Court is Defendant Bank of America, N.A.'s ("BoA") Motion to Dismiss Plaintiffs' Complaint (ECF No. 15) ("MTD").[1]  For the reasons that follow, Defendants' Motion to Dismiss is GRANTED with leave to amend.

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. R. 230(g).

1

**BACKGROUND**[2]

Plaintiffs state that they owned real property in Susanville, California (the "Property") subject to a mortgage loan. (First Amended Complaint ("FAC."), ECF No. 13, ¶¶ 4, 8.) In 2006, Plaintiffs refinanced their loan for the Property with Countrywide Bank, N.A. and that loan was later acquired by, and remains with, Defendant BoA. (Id. at ¶¶ 5, 8.)

Between 2006 and 2009, Plaintiffs allege that they made full and timely mortgage payments on the Property. (Id. at ¶ 9.) Then, at some unspecified point in 2009, Plaintiffs contend they contacted BoA (apparently by telephone) regarding obtaining a loan modification. (Id. at ¶ 10.) At that point, Plaintiffs allege that they were told by an unidentified BoA representative that they would have to stop making their monthly payments before they could qualify for a loan modification. (Id.) Plaintiffs state that the BoA representative assured them that there would be no negative consequences for skipping payments as part of a loan modification application and that BoA would not foreclose on Plaintiff's property while they were in this process. (Id. at ¶ 11.)

Thereafter, allegedly in reliance on the unnamed BoA representative's statements, Plaintiffs stopped making any monthly mortgage payments. (Id.)

---

[2] The following facts are taken from Plaintiffs' FAC. All page references to documents filed in this action will be to the Court's ECF pagination. For the purposes of this Motion, the Court accepts Plaintiffs' facts as true and makes all inferences in the light most favorable to Plaintiffs.

At some later point in 2009, Plaintiffs submitted a loan modification application to BoA.  For the next three years – three years when Plaintiffs were apparently not paying their mortgage payments, Plaintiffs allege that, when they would call about the status of their loan modification application, BoA subjected them to long hold times and transfers, and when they did speak to (unnamed) BoA representatives, Plaintiffs state they did not receive definitive answers.  (Id. at ¶¶ 12-13.)  In addition, Plaintiffs contend that BoA lost their documents, so they had to resubmit their loan application multiple times.  (Id. at ¶¶ 13-14.)

Plaintiffs allege that at all times between 2009 and up to January of 2012, they were ready, willing, and able to make their mortgage payments and communicated this (in some unspecified way) to BoA, which apparently advised them to continue to not pay their mortgage while they pursued the loan modification.  (Id. at ¶ 15.)  Plaintiffs were therefore surprised in August 2011 when BoA recorded a Notice of Default on the Property and allege they attempted to contact BoA regarding this development but received no response.  (Id. at ¶¶ 16-17.)  Then in November 2011, Plaintiffs were again surprised when BoA recorded a Notice of Trustee's Sale on the Property.  (Id. at ¶¶ 17-18.)

Then in January 2012, Plaintiffs state they contacted BoA and offered to pay the amount they were in arrears on the loan.[3] (Id. at ¶ 19.) Apparently, BoA declined Plaintiffs' offer and, in February 2012, Plaintiffs filed suit in Lassen County Superior Court.

---

[3] Notably, Plaintiffs do not contend they tendered full payment of the debt.

3

(See original complaint, ECF No 1, Ex. 2 (marked as "Ex. C.") BoA thereafter removed the case to this Court on the basis of diversity jurisdiction. (ECF Nos. 1, 4).

On May 7, Plaintiffs filed their FAC. (ECF No. 13.) In their FAC, Plaintiffs raise the following allegations against BoA and all of the unnamed Does: (1) Breach of the Covenant of Good Faith and Fair Dealing; (2) Fraud; (3) Promissory Estoppel; (4) Wrongful Foreclosure; (5) Violation of California's Business and Professions Code §§ 17200 et seq.; (6) Violation of California's Rosenthal Fair Debt Collection Practices Act; and (7) Slander of Title.  On May 23, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[4] generally on the basis that Plaintiffs' factual allegations and legal claims are all insufficient to state a claim.[5] (Memorandum in support of the MTD, ECF No. 17.)

---

[4] All further references to "Rule" or "Rules" will be to the Federal Rules of Civil Procedure, unless otherwise noted.

[5] Plaintiffs have not included any documents that might support their claims as exhibits to their Complaint.  BoA, however, asks this Court to take judicial notice of several documents.  Pursuant to Federal Rules of Evidence 201(b) (authorizing judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned"), BoA requests the Court take judicial notice(Request for Judicial Notice ("RJN") (ECF No. 16.)  Specifically, BoA asks the Court to take judicial notice of: (1) A Grant Deed and Deed of Trust, both recorded May 26, 2006; (2) The Assignment of Deed of Trust recorded June 6, 2010; (3) the Notice of Default and Notice of Trustee's Sale recorded in August and November 2011.  BoA's requests are unopposed and are the proper subject of judicial notice.  See, e.g., Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1040 (E.D. Cal. 2009); Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (court may take judicial notice of matters of public record).  Accordingly, BoA's Request for Judicial Notice is granted.

4

**STANDARD FOR 12(b)(6) MOTION TO DISMISS**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 554-55 (2007) (internal citations and quotations omitted).

Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (internal citations and quotations omitted). A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. <u>Id.</u> (citing 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///

5

Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. at 555, n.3 (internal citations omitted). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009). If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Rule 15(a) empowers the court to freely grant leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend is generally denied when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

///

**ANALYSIS**

As stated above, while lenient, Rule 8(a) still requires that a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. Further, when fraud is alleged, as here, a plaintiff must conform to the heightened pleading standards of Rule 9(b). See, e.g., Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (The heightened pleading requirements of Rule 9(b) require a plaintiff to plead facts as to the "who, what, when, where, and how" of the alleged fraud).

Plaintiffs' FAC fails to adhere to either the heightened pleading standards of Rule 9(b) or the more lenient standard of Rule 8(a). The bare allegation that Plaintiffs stopped making all mortgage payments, for over three years, on the basis of an unnamed BoA's representation, made at an unnamed point in time with no other facts to support that claim, is not sufficient to support Plaintiffs' various causes of action.[6]
In addition, Plaintiffs are seeking to challenge the foreclosure proceeding, but they fail to allege that they tendered the entire amount due under the loan.[6]

---

[6] Even were Plaintiffs to amend their complaint with additional factual detail, the Court notes that the contention that Plaintiffs believed that they were absolved of making any mortgage payments while they were waiting on a loan modification application to be particularly dubious. It strains the bounds of credibility to accept that Plaintiffs, on the advice of a BoA phone representative, believed that they could continue to live on the property without making their loan payments and would suffer no repercussions for this course of action.

[6] Under California law, a plaintiff challenging a
(continued...)

7

At this time, the Court declines to address the substance of each of Plaintiffs' causes of action because their factual allegations are insufficient to support any of them.  Plaintiffs will be given leave to amend.  However, should Plaintiffs choose to amend their complaint, they are on notice that their complaint must comply with the pleading requirements of Rule 8(a), as interpreted by <u>Iqbal</u>, <u>Twombly</u> and their prodigy, as well as the pleading requirements of Rule 9(b).  Failure to do so may result in summary dismissal.

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' Complaint (ECF No. 15) is GRANTED with leave to amend.  In addition, the Court sua sponte DISMISSES, with leave to amend, Plaintiffs' claims against all the Doe Defendants for failure to state a claim.  Plaintiffs shall file any amended complaint within twenty (20) days of filing this order electronically.

IT IS SO ORDERED.

Dated: July 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[6](...continued)
foreclosure sale or any cause of action "implicitly integrated" with the sale is required to make a valid and viable tender of payment of the debt.  <u>Arnolds Mgmt. Corp. v. Eischen</u>, 158 Cal. App.3d 575, 578-79 (Cal. Ct. App. 1984); <u>Karlsen v. Am. Savs. & Loan Ass'n</u>, 15 Cal. App.3d 112, 121 (Cal. Ct. App. 1971).